**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| KESHA L. BARRON,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM,<br><br>Defendant. | Case No. 4:26-cv-01255<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**NOW COMES,** KESHA L. BARRON, by and through her undersigned counsel, complaining of Defendant CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA**")**, 47 U.S.C. §227 *et seq.*, the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, the Texas Business and Commerce Code §305.053, Trespass to Chattels ("TTC"), and Invasion of Privacy ("IOP").

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about

many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court by the TCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Fort Worth, Texas.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is an internet service provider to consumers all over the nation.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5064.

13. At all times relevant, Plaintiff's number ending in 5064 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Plaintiff opened an account with subject Defendant ("subject debt").

16. Subsequently thereafter, Plaintiff experienced hardships and fell behind on her account ("subject debt")

17. As soon as Plaintiff fell behind on her payments, Defendant began placing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

18. In or around October 2025, frustrated with Defendant's incessant collection calls, Plaintiff requested that the collection calls cease.

19. Unfortunately, Defendant continued to place collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

20. Frustrated with the persistence of the unwanted calls, Plaintiff answered the calls from Defendant on multiple occasions and again requested that the collection calls cease.

21. Despite Plaintiff's requests that Defendant cease its harassing collection calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

22. Defendant placed numerous harassing collection calls to Plaintiff's cellular phone, from October 2025 through the present, after Plaintiff initially requested that the calls cease.

23. In the calls that Plaintiff did not answer, Defendant left prerecorded voicemails ("robocalls") on Plaintiff's cellular phone stating:

> "Hi, this is Charter communications. We're reaching out about a balance on your account. We know life gets busy, and we're here to assist. Please call us back at 1-877-8523 at your earliest convenience. We value having you as part of the charter family and look forward to helping you find the best solution."

24. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; (4) none of the voicemails identified Plaintiff by name; and (5) all voicemails referred Plaintiff to the same toll-free number.

25. Defendant's phone calls were placed from verified Defendant number, including (888) 892-2253, (866) 914-5806, and (844) 206-9035.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

26. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because she is an individual.

27. Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

28. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than thirty (30) non-emergency calls to Plaintiff's cellular phone utilizing an artificial or prerecorded voice without Plaintiff's consent.

29. As pled above, Defendant utilized a prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

30. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

31. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

32. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

33. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b. An order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

c. An award of $500.00 in damages to Plaintiff

d. An award of treble damages up to $1,500.00 to Plaintiff ; and

e. Any further relief this Court deems just and proper.

## COUNT II

### Violations of the Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

37. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

39. Defendant violated the TDCA by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

40. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

41. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. A finding that Defendant violated. § 392.302(4) of the TDCA;

b. An order enjoining Defendant from placing collection calls to Plaintiff pursuant to § 392.403(a)(1) of the TDCA;

c. An award of actual damages in an amount to be determined by the jury;

d. An award of reasonable attorney's fees and costs; and

e. Any further relief this Court deems just and proper.

## COUNT III:
## Violations of the Texas Business and Commerce Code §305.053

42. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43. Pursuant to Texas Bus. & Com. Code §305.053, a person who violates §227 of the TCPA also violates Texas Bus. & Com. Code §305.053.

44. Defendant violated Texas Bus. & Com. Code §305.053 by violating §227 of the TCPA as set forth above.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. An order enjoining Defendant from placing further violating calls to Plaintiff;

b. An award of no less than $500.00 for each violating call;

c. An award of treble damages up to $1,500.00; and

d. Any further relief this Court deems just and proper.

## COUNT IV
## Trespass to Chattels

45. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

47. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

48. Courts have applied this tort theory to unwanted telephone calls and text messages. See *Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009); *Amos Financial, L.L.C. v. H&B&T Corp.*, 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

49. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

50. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

51. Defendant intentionally interfered with the physical condition of Plaintiff's cellular phone by causing it to repeatedly ring, therefore temporarily impairing the phone's physical condition.

52. Defendant barraged Plaintiff with numerous calls, including multiple calls per day, leaving her unable to use or possess her cellular phone in the manner in which she wanted to during such time.

53. Defendant knew or should have known that its phone calls were harassing and disruptive to Plaintiff given the repeated and persistent nature of its contacts as well as the nature of the information Plaintiff provided Defendant.

54. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial

c. Award Plaintiff punitive damages in an amount to be determined at trial

d. Enjoining Defendant from contacting Plaintiff;

e. Award any other relief the Court deems equitable and just.

## COUNT IV
## Invasion of Privacy-Intrusion Upon Seclusion

55. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

56. Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a Plaintiff must show that another has intentionally intruded, physically, or otherwise, upon the Plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

57. Defendant's intrusive collection calls to Plaintiff in such excess were an intentional intrusion upon the Plaintiff's seclusion or solitude.

58. The intrusive unwanted phone calls would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

59. A reasonable person would find such calls to be highly offensive.

60. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Enter judgment in Plaintiff's favor;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs.

## DEMAND FOR JURY TRIAL

61. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 29, 2026

Respectfully Submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com